UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:21-cv-62575

UNITED STATES SURETY COMPANY, a Maryland Corporation,

        Plaintiff,

v.

UNLIMITED ELECTRICAL CONTRACTORS CORP., a Florida corporation; UNLIMITED ELECTRICAL SUPPLY COMPANY CORP., a dissolved Florida corporation; UNLIMITED COMPANIES, LLC, a dissolved Florida limited liability company; and MITCHELL R. PAGEREY, an individual,

        Defendants.
_____/

## COMPLAINT

Plaintiff, UNITED STATES SURETY COMPANY, through counsel, hereby sues Defendants, UNLIMITED ELECTRICAL CONTRACTORS CORP., UNLIMITED ELECTRICAL SUPPLY COMPANY CORP., UNLIMITED COMPANIES, LLC, and MITCHELL R. PAGEREY, and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332(a) because Plaintiff and Defendants are citizens of diverse states.

2. UNITED STATES SURETY COMPANY ("USSC") is a Maryland corporation incorporated in Maryland with its principal place of business in Timonium, Maryland making it a

citizen of Maryland in accordance with 28 U.S.C. § 1332(c)(1). USSC is licensed to conduct business in Florida.

3. Upon information and belief, UNLIMITED ELECTRICAL CONTRACTORS CORP, ("Unlimited") is a Florida corporation incorporated in Florida with its principal place of business in Fort Lauderdale, Florida making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

4. Upon information and belief, UNLIMITED ELECTRICAL SUPPLY COMPANY CORP. is a dissolved Florida corporation incorporated in Florida with its former principal place of business in Pompano Beach, Florida making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

5. Upon information and belief, UNLIMITED COMPANIES, LLC is a dissolved Florida limited liability company with is principal place of business in Pompano Beach, Florida and its former member, Mark Petrich, believed to be domiciled in Pompano Beach, Florida, making it a citizen of Florida in accordance with 28 U.S.C. § 1332(c)(1).

6. Upon information and belief, Defendant MITCHELL R. PAGEREY ("Mr. Pagerey") is a resident of, and domiciled in, Boca Raton, Florida, making him a citizen of Florida in accordance with 28 U.S.C. § 1332(a).

7. The causes of action alleged herein fall within the jurisdictional limits of the Court because USSC seeks to recover more than $75,000.00 from the Defendants.

8. Venue is appropriate in this Court because one or more of the Defendants reside in or have their principal place of business within the boundaries of the Southern District of Florida, and because one or more Defendants, or its members, are domiciled within Broward County, Florida, which is within the province of the Fort Lauderdale Division of this Court.

## **GENERAL ALLEGATIONS**

### **The Bonds and Indemnity Agreement**

9. As part of its business, USSC issues payment and performance bonds and stands as surety for selected contractors.

10. In connection with its work, Unlimited from time to time required surety payment and performance bonds.

11. To induce USSC to issue payment and performance bonds on its behalf, Unlimited and the other Defendants entered into an indemnity agreement with USSC.

12. Specifically, on January 29, 2019, Unlimited and the other Defendants (collectively, the "Indemnitors") each executed a General Indemnity Agreement ("Agreement") in favor of USSC, its affiliates, and its agents. A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit "A."**

13. The execution of the Agreement, and the Indemnitors' undertaking of the various responsibilities and obligations contained therein, were absolute conditions precedent and prerequisites to USSC issuing any bonds naming Unlimited as a principal.

14. According to the Agreement, the Indemnitors agreed, in part, to:

> … jointly and severally, exonerate, indemnify, reimburse, and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, expenses and fees (including, but not limited to, those incurred by or in connection with accountants, attorneys, consultants, engineers. investigation, and other professionals), interest, court costs, and any and all other types of losses, costs or expenses of whatsoever kind or nature, which the Surety may sustain or incur or which arise by reason of or in any manner in consequence of any one or more of the following: (i) the execution or procurement by the Surety of any Bond; (ii) the failure of any Principal or indemnitor to perform or comply with any provision of this Agreement; (iii) the enforcement of any provision of this Agreement; (iv) the conduct or any

investigation regarding the Surety's alleged obligations or liabilities under any Bond or in connection with any Contract; (v) any attempt by or on behalf of the Surety to obtain a release or reduction of the Surety's liability or alleged liability under any Bond or Contract; (vi) any attempt by or on behalf of the Surety to recover any unpaid premium in connection with any Bond; (vii) the prosecution or defense any action or claim in connection with any Bond or Contract; (viii) the loan or advance of any monies to any Principal or Indemnitor; or (ix) the Surety's attempt to determine, discharge or mitigate its loss or exposure to loss in connection with any Bond or Contract, or to enforce any of its rights pursuant to this Agreement, by suit or otherwise. The obligations provided for in this paragraph are without regard to whether the Surety, in its sole and absolute discretion, elects to employ its own counsel or, in lieu thereof or in addition thereto, permits or requires any Principal and/or Indemnitor to make arrangements for or assist in the Surety's legal representation and protection.

The Principals and Indemnitors further agree that they shall be liable for, and that the Surety shall be entitled to charge and recover for, any and all payments made by the Surety in the good faith belief that: (1) any Principal or Indemnitor is or has been in default under this Agreement: (2) the Surety was or might be liable for a claim asserted against a Bond, whether or not such liability actually existed; or (3) such payments were or are necessary or expedient to protect any of the Surety's rights or interests or to avoid or lessen the Surety's actual or alleged liability. The Surety shall be entitled to the rights and remedies set forth in this Section III and to all of the benefits of this Agreement with respect to any liability, payment, loss or cost that is incurred or made by the Surety in good faith. The foregoing obligations shall extend to and include an obligation to pay to the Surety interest on any payments made by the Surety as a result of having issued any Bond, at the rate of ten percent (10%) per annum or the maximum rate allowed by law, whichever is lower, calculated from the date such payment is made by the Surety,

[Exhibit A, p. 3, Section III].

15. The Agreement also provides that:

The Surety shall have the right, in its sole and absolute discretion, to adjust, settle, prosecute, defend, compromise, litigate, protest, or appeal any claim, demand, suit, award, assessment or judgment on

or in connection with any Bond, Bonded Contract, or Contract. If, however, any Principal or Indemnitor desires that the Surety consider adjusting, settling, prosecuting, defending, compromising, litigating, protesting, or appealing, any chains, demand, suit, award, assessment, or judgment against any Principal or the Surety, such Principal or Indemnitor shall:

A. Give written notice to the Surety to this effect by certified or registered mail; and

B. Simultaneously therewith, deposit with the Surety cash, securities or other collateral, in form and amount acceptable to the Surety in its sole and absolute discretion, to completely cover the Surety's exposure or perceived exposure to any loss, cost or expense for which the Surety is entitled to exoneration, indemnification or reimbursement pursuant to this Agreement….

[Exhibit A, p. 4, Section VIII].

16. Additionally, the Agreement provides that:

In the event of any payment by the Surety, an itemized, sworn statement or the amount of any such payment, invoice(s) or other evidence of such payment shall be *prima facie* evidence of the fact and the amount of such payment and in the absence of actual fraud, shall be final, conclusive and binding upon any Principal or Indemnitor in any claim, suit or other proceeding by the Surety.

[Exhibit A, p. 5, Section IX].

17. Finally, the Agreement provides that:

If an Event of Default occurs, or if a claim is made against the Surety under any Bond, the Principals and Indemnitors shall, on demand from the Surety, immediately deposit with the Surety collateral in any amount, value or form as the Surety may designate in its sole and absolute discretion. Such collateral shall be held by the Surety as collateral security in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with the Surety or any other benefits and protections afforded to the Surety by this Agreement or any other agreement.

[Exhibit A, p. 5, Section X(A)].

18. The Agreement is unequivocal and specific in setting forth the Indemnitors' obligations to indemnify and keep USSC indemnified "from and against any and all demands, liabilities, losses, costs, damages, expenses and fees (including, but not limited to, those incurred by or in connection with accountants, attorneys, consultants, engineers, investigation, and other professionals), interest, court costs, and any and all other types of losses, costs or expenses of whatsoever kind or nature" as a result of executing the payment and performance bonds or because of Unlimited's, or the Indemnitors', failure to comply with the Agreement.

19. USSC agreed to issue payment and performance bonds naming Unlimited as principal at the Indemnitors' request in consideration for their promise to comply with the terms of the Agreement.

20. USSC issued payment and performance bonds naming Unlimited as principal (the "Bonds") on constructions project located in Aventura, FL and Delray Beach, FL (the "Projects").

21. USSC received claims against the Bonds from various entities, including several subcontractors, material suppliers, and/or rental equipment providers making payment bond claims for the labor, services, materials, or equipment they performed or furnished on the Projects at Unlimited's request, but for which Unlimited has not paid. USSC also faced performance bond claims from the obligees. The individuals or entities referenced are collectively referred to herein as "Claimants."

22. Since Unlimited refused or was unable to resolve the Claimants' claims, USSC were forced to hire consultants and attorneys to respond to, investigate, defend against, and resolve the various claims.

23. USSC incurred losses as a result of issuing the Bonds, which losses include the costs to defend itself against Claimants' claims and the cost to resolve Claimants' claims.

24. As of the date of filing this Complaint, USSC has been forced to pay or satisfy various Claimants' claims (the "Claims Paid").

25. In addition to the Claims Paid, USSC paid attorneys' fees and consultants' fees to investigate, defend, and/or satisfy the Claimants' claims.

26. Before filing this action, USSC demanded, orally and in writing, that the Indemnitors post collateral and indemnify it for all amounts it has incurred to satisfy the Claimants' claims, and for the attorneys' fees and costs USSC has incurred as a result of investigating and defending the Claimants' claims.

27. Despite USSC's demand, the Indemnitors have failed and refused to comply with USSC's request for collateral and indemnification for the losses USSC suffered as a result of issuing the Bonds.

28. The Indemnitors have not reimbursed USSC for the Claims Paid or the attorneys' fees, consultants' fees, and other costs and expenses USSC incurred as a result of issuing the Bonds.

29. USSC retained the undersigned attorney to represent it in this action, and is obligated to pay the attorney a reasonable fee for their services rendered.

30. USSC has performed all of the terms, covenants, and conditions required on its part to be performed under the terms of the Agreement or has been excused from doing so by Indemnitors.

31. All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
**(Breach of Contract / Contractual Indemnity against the Indemnitors)**

32.     USSC realleges and incorporate the allegations in paragraphs 1 through 31 as if fully set forth herein.

33.     Pursuant to the Agreement, the Indemnitors promised to "exonerate, indemnify, reimburse, and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, expenses and fees (including, but not limited to, those incurred by or in connection with accountants, attorneys, consultants, engineers, investigation, and other professionals), interest, court costs, and any and all other types of losses, costs or expenses of whatsoever kind or nature" that USSC incur by reason of, among other things, having executed the Bonds or enforcing the Agreement.

34.     Pursuant to the Agreement, the Indemnitors also agreed to "immediately deposit with the Surety collateral in any amount, value or form as the Surety may designate in its sole and absolute discretion" to cover USSC's liability.

35.     The Indemnitors have committed various breaches and defaults of the Agreement, including but not limited to:

    a.     failing and refusing to pay the Claimants' claims;

    b.     failing and refusing to collateralize USSC against future loss or liability with regard to claims made on the Bonds;

    c.     failing and refusing to indemnify USSC from any and all liability for losses and expenses that USSC incurred, of whatsoever kind or nature, relating to the claims made on the Bonds; and

    d.     USSC's payment of the Claimants' claims under the Bonds.

36. As a result of the Indemnitors' breaches of the Agreement, USSC suffered damages, including but not limited to the following damages, which continue to accrue, and thus USSC's damages are continuing in nature:

   a. payments made to satisfy the Claimants' claims; and

   b. attorneys' fees, consultants' fees, and other costs and expenses that USSC incurred as a result of issuing the Bonds;

37. USSC is entitled to an award of its attorneys' fees and costs in pursuing this claim according to the Agreement.

WHEREFORE, USSC demands judgment against the Indemnitors, jointly and severally, for damages, costs of this action, prejudgment interest, attorneys' fees and such further relief as this Court deems just and proper.

## COUNT II
### (Equitable Subrogation against Unlimited)

38. USSC realleges and incorporate the allegations in paragraphs 1 through 10, 19 through 29, and 31 as if fully set forth herein.

39. USSC was forced to pay the Claimants after Unlimited and/or the Indemnitors failed and/or refused to do so.

40. Unlimited was primarily liable to the Claimants under the terms of their subcontracts and the Bonds.

41. USSC's liability to the Claimants was merely technical, secondary, and vicarious to that of Unlimited, which was actively and completely at fault for the underlying liability to the Claimants.

42. Unlimited, as principal on the various Bonds, was required to pay the Claimants' claims.

43. USSC, having paid to settle the various Claimants' claims, are equitably subrogated to the Claimants' rights against Unlimited.

44. USSC's payments to the Claimants, and any future payments to Claimants, were a result of its obligations under the Bonds and to protect its own interests, not as a volunteer.

45. USSC satisfied the entire amount due and owing to each claimant relating to the respective bond that USSC issued.

46. Neither the Indemnitors nor any other third-parties' rights will be harmed by USSC's subrogation to the Claimants' rights.

47. USSC's damages include, but are not limited to, all sums USSC has paid to settle the Claimants' claims and USSC's costs and fees incurred to pursue this action.

WHEREFORE, USSC demands judgment against Unlimited for damages, court costs, prejudgment interest, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT III
**(Exoneration against Unlimited)**

48. USSC realleges and incorporate the allegations in paragraphs 1 through 10, 19 through 29, and 31 as if fully set forth herein.

49. Unlimited has allegedly been unable and/or unwilling to satisfy its obligations on the construction Projects to which the Bonds relate by, in part, failing to pay various Claimants.

50. USSC is not attempting to avoid their secondary liability to any of the Claimants for the reasonable value of labor, material, services and/or equipment they provided on the Projects, to the extent the Claimants demonstrated that they were owed such monies.

51. Instead, USSC demand that Unlimited be compelled to fulfill its obligations to USSC by indemnifying USSC for the Claimants' claims.

52. Under the doctrine of exoneration, USSC is entitled to have Unlimited exonerate it for all amounts USSC have paid and/or incurred as a result of issuing the Bonds.

WHEREFORE, USSC requests that this Court enter an Order compelling Unlimited to exonerate USSC by fulfilling its primary obligations to the Claimants and to place USSC in funds sufficient to reimburse it for the losses USSC has already suffered.

## COUNT IV
**(Common Law Indemnity against Unlimited)**

53. USSC realleges and incorporate the allegations in paragraphs 1 through 10, 19 through 29, and 31 as if fully set forth herein.

54. USSC is without fault for the Claimants' claims.

55. USSC had a special relationship with Unlimited by virtue of issuing the Bonds.

56. USSC's liability under the Bonds, if any, is merely technical, secondary, and vicarious to that of Unlimited, which is actively and completely at fault for, and obligated to timely pay, any underlying liability on the Bonds, including, without limitation, any liability to the Claimants.

57. As a direct and proximate result of Unlimited's failure to honor its obligations, USSC incurred and continues to incur damages, losses and expenses, including attorneys' fees, consultants' fees, and costs, by reason of having executed the Bonds.

58. Unlimited is liable to USSC for all losses, expenses, consultants' fees, and attorneys' fees sustained by reason of having executed the Bonds including, without limitation,

11

all payments USSC made to satisfy the Claimants' claims and all attorneys' fees USSC incurs as a result of issuing the Bonds.

59. To date, USSC has incurred damages in the form of payments made to satisfy the Claimants' claims. USSC has also incurred damages in the form of attorneys' fees, consultants' fees, interest, and costs, as a result of issuing the Bonds.

60. USSC is entitled to receive its reasonably incurred attorneys' fees pursuant to applicable Florida law.

WHEREFORE, USSC requests that this Court enter judgment against Unlimited for damages, attorneys' fees, prejudgment interest, costs, and such further relief as this Court deems just and proper.

Dated this 28th day of December, 2021.

        */s/ Ryan J. Weeks*
RYAN J. WEEKS, ESQ.
Florida Bar No. 57897
rweeks@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 3700
Tampa, FL 33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
*Attorney for Plaintiff, United States Surety Company*