UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:21-cv-62575

UNITED STATES SURETY COMPANY,
a Maryland Corporation,

       Plaintiff,

v.

UNLIMITED ELECTRICAL CONTRACTORS CORP., a Florida corporation; UNLIMITED ELECTRICAL SUPPLY COMPANY CORP., a dissolved Florida corporation; UNLIMITED COMPANIES, LLC, a dissolved Florida limited liability company; and Mitchell R. Pagerey, an individual,

       Defendants.
_____/

## UNITED STATES SURETY COMPANY'S
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff, UNITED STATES SURETY COMPANY ("USSC"), through its counsel, hereby moves the Court for an Order enforcing the Settlement Agreement (the "Settlement Agreement") between USSC and Defendants, UNLIMITED ELECTRICAL CONTRACTORS CORP., UNLIMITED ELECTRICAL SUPPLY COMPANY CORP., UNLIMITED COMPANIES, LLC, and MITCHELL R. PAGEREY, (collectively "Defendants") and for entry of Final

1

Consent Judgment against Defendants based on their default of the Settlement Agreement, and in support thereof states:

## FACTUAL BACKGROUND

1. USSC is a surety company which issues payment and performance bonds and stands as surety for selected contractors. *See* Affidavit of Mr. Patrick Laverty ("Laverty Aff.") at ¶ 1, attached hereto and incorporated herein as **Exhibit 1**.

2. Unlimited Electrical Contractors Corp. ("Unlimited Electrical") is a Florida Corporation that, in connection with its work, from time to time required surety payment and performance bonds.

3. Unlimited Electrical sought payment and performance bonds from USSC naming Unlimited as Principal on construction projects in Aventura and Delray Beach, Florida. Laverty Aff. at ¶ 3.

4. To induce USSC to issue payment and performance bonds on its behalf, Unlimited and the other Defendants entered into an indemnity agreement with USSC. Laverty Aff. at ¶ 4. Specifically, on or about January 28, 2019, the Defendants executed a General Indemnity Agreement ("GIA") in favor of USSC, its affiliates and its agents. A true and correct copy of the GIA is attached to the Laverty Aff. as **Exhibit A**. The GIA is unequivocal and specific in setting forth the Indemnitors' obligations to indemnify and keep USSC harmless from losses as fully

set forth in the GIA. Laverty Aff. at ¶ 4. The execution of the GIA, and the Indemnitors' undertaking of the various responsibilities and obligations contained therein, were absolute conditions precedent and prerequisites to USSC issuing any bonds naming Unlimited as a principal. *Id* at ¶ 5.

5. USSC agreed to issue payment bonds naming Unlimited Electrical as principal at the Defendants' request, in consideration for their compliance with the terms of the GIA. Laverty Aff. at ¶ 6. Subsequent to the execution of the GIA, USSC issued payment and performance bonds naming Unlimited Electrical as principal on construction projects located in Aventura, Florida and Delray Beach, Florida. *Id.*

6. USSC received claims against the Bonds from various entities, including several subcontractors, material suppliers, and/or rental equipment providers making payment bond claims for the labor, services, materials, or equipment they performed or furnished on the Projects at Unlimited Electrical's request, but for which Unlimited Electrical did not pay. Laverty Aff. at ¶ 7. Ultimately, USSC was forced to resolve the various claims. *Id.*

7. Pursuant to the terms of the GIA, USSC demanded, orally and in writing, that the Defendants post collateral and indemnify it for all amounts it has incurred to resolve the various claims, as well as for the attorneys' fees and costs USSC incurred as a result of investigating and defending the claims. Laverty Aff. at ¶ 8. The Defendants refused to and/or were unable to comply with their obligations

under the GIA. *Id.*

8. As a result, on December 28, 2021, USSC was forced to bring the above-styled action against Defendants for indemnity and reimbursement of the losses it has incurred (the "Litigation"). Laverty Aff. at ¶ 9.

9. On July 18, 2022, the Parties negotiated and entered into the Settlement Agreement wherein the Defendants agreed to pay a settlement amount of Four Hundred Eighty Eight Thousand Dollars ($488,000)("Settlement Amount") in exchange for a resolution of the Litigation. A copy of the Settlement Agreement is attached to as **Exhibit 2** and attached to the Laverty Aff. as **Exhibit B**.

10. As part of the Agreement, Defendants agreed to make payment as follows:

> 2. **Settlement Amount.** Unlimited Electrical will pay to USSC the full and final settlement amount of Four Hundred Eighty Eight Thousand Dollars ($488,000.00)(the "Settlement Amount"), Such sum to be paid as follows: An initial payment of $10,000.00 to be made within seven days of the execution of the Agreement, and the balance of $478,000.00 to be paid as follows: beginning on September 1, 2022 through and including August 1, 2023, Unlimited Electrical shall pay USSC Five Thousand Dollars ($5,000.00) per month to be paid on or before the first day of each month. On September 1, 2023, Unlimited Electrical shall pay USSC Ten Thousand Dollars ($10,000.00) per month to be paid on or before the first of each month until the remaining Settlement Amount is paid in full. Interest on the Settlement Amount shall accrue at a rate of 4.34% per annum. The interest is to be paid by Unlimited Electrical unless the Settlement Amount is paid in full by September 1, 2024, in which case the interest accrued shall be waived.
>
> 3. **Settlement Payment(s).** The aforesaid payments will be made by checks payable to "United States Surety Company," which shall be delivered to USSC by or before the dates indicated in paragraph 2 above at the following address: United States Surety Company, 801 S. Figueroa Street, Suite 700, Los Angeles, CA 90017. All payments shall be subject to clearing the recipient's account in the ordinary course of business. Any payment which does not clear the recipient's account in the

ordinary course of business shall be deemed an untimely payment and constitute a default of this Agreement.

Settlement Agreement, ¶¶ 2-3

11. Defendants further agreed as follows:

4. **Consent Judgment.** Upon execution of this Agreement Unlimited Electrical shall deliver the Consent Judgment Order, as attached hereto as Exhibit A, in favor of USSC. The Consent Judgment Order will be signed by Unlimited Electrical and held by USSC, subject to the terms of this Agreement. In the event of the occurrence of an event of default under the Agreement, USSC will submit the Consent Judgment Order and to the Court for entry.

5. **Default.** In the event Unlimited Electrical fails to make any of the aforesaid payments in the manner indicated in paragraph 2 above, USSC shall deliver a written notice to Unlimited Electrical (in the manner described below) describing the failure of payment. If Unlimited Electrical does not cure the failure of payment by delivering to USSC all amounts theretofore due within Five (5) days of receiving USSC's written notice, then USSC shall be entitled to file the Consent Judgment without further notice. For purposes of this Agreement, written notice to Unlimited Electrical shall be provided by email to Unlimited Electrical at _____, with a copy to Unlimited Electrical's attorney, Brad R. Weiss at brad@bmwlawyers.net. Unlimited Electrical shall have the right to change the email addresses for any and all such written notices by notifying USSC of the same by email to plaverty@tmhcc.com, with a copy to USSC's attorney, Carolina Saavedra, at csaavedra@mills-legal.com.

Settlement Agreement, ¶¶ 4-5

12. Defendants further agreed to:

11. **Cooperation**. The parties hereto agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the parties hereto.

Settlement Agreement, ¶ 11

13. Lastly, the parties agreed:

> 18. **Attorneys' Fees**. In any litigation arising out of or relating to this Agreement, or to the interpretation or enforcement hereof, the prevailing party(ies) shall be entitled to recover the prevailing party's(ies') reasonable attorneys' fees and costs from the non-prevailing party(ies) at the trial and at all appellate levels.

Settlement Agreement ¶ 18

14. Defendants' promise to make timely payments in accordance with the terms of the Agreement was a strict condition of USSC's agreement to end litigation and collection efforts against Defendants. Laverty Aff. ¶ 18.

15. The Settlement Agreement was signed by all Defendants on August 4, 2022, and by USSC on August 11, 2022. Laverty Aff. ¶¶ 10, 19.

16. On August 18, 2022, Counsel for USSC emailed counsel for Defendants requesting an executed consent judgment. A true and correct copy of the email sent to counsel for Defendants is attached hereto and incorporated herein **Exhibit 3**. No response was received.

17. On August 18, 2022, USSC moved this Court with consent of Defendants for an Order dismissing USSC's claim against Defendants' pursuant to the parties' Settlement Agreement and requesting the Court that the parties remain subject to the jurisdiction of the Court [Dkt. 27].

18. On August 22, 2022, this Court entered an order dismissing the case pursuant to the parties' Settlement Agreement, while retaining jurisdiction to enforce the terms of the Settlement Agreement (Dkt. 28).

19. Pursuant to Paragraph 2 of the Settlement Agreement, Defendants were to make an initial payment of $10,000.00 within seven days of the execution of the Settlement Agreement. Furthermore, relevant to the present motion, Defendants were to pay USSC $5,000.00 per month on or before the first day of each month from September 1, 2022, through August 1, 2023. Settlement payments increased after August 1, 2023 until the Settlement Amount was fully paid. Laverty Aff. ¶ 20.

20. Defendants breached the Settlement Agreement by failing to make the initial payment within seven days of the execution of the Settlement Agreement and the subsequent monthly payments on the first of the month. Laverty Aff. ¶ 21.

21. On August 26, 2022, Counsel for USSC sent an email to Defendants' counsel informing Defendants that USSC did not receive the initial down payment of $10,000.00. A true and correct copy of the August 26, 2022 email is attached hereto and incorporated herein as **Exhibit 4** and is also attached to the Laverty Aff. as Exhibit C.

22. On September 7, 2022, pursuant to Paragraph 5 of the Settlement Agreement, USSC served written notice of default on Defendants' counsel. A true and copy of the Default Notice is attached hereto as **Exhibit 5** and is also attached to the Laverty Aff. as Exhibit D.  No response was received and no payments have been made to date to cure Defendants' default. *See* Laverty Aff. ¶ 25.

23. Despite demand, Defendants have further breached the Settlement

Agreement by failing to deliver a signed copy of the consent judgment pursuant to Paragraphs 4 and 11 of the same. *See* Laverty Aff. ¶ 22.

24. Lastly, despite demand, Defendants have breached the Settlement Agreement by failing to provide Defendants' email address. *See* Laverty Aff. ¶ 24.

25. Despite USSC's demands, Defendants have failed and/or refused to comply with their obligations under the Settlement Agreement and have failed to make payments pursuant to the terms of the Settlement Agreement. *See* Laverty Aff. ¶ 27.

26. USSC has met its obligations under the Settlement Agreement. *See* Laverty Aff. ¶ 28

27. USSC has incurred damages and continues to incur damages as a result of the Defendants' breach of the Settlement Agreement. *See* Laverty Aff. ¶ 29

28. USSC has retained the undersigned counsel as a result of Defendants' continued failure to comply with their obligations under the Settlement Agreement and is required to pay them a reasonable amount. *See* Laverty Aff. ¶ 30.

29. According the Paragraph 4 of the Settlement Agreement, USSC is entitled to a consent judgment in its favor for entry by the Court. Furthermore, According to Paragraph 18, USSC is entitled to attorneys' fees and costs it has incurred in the enforcement of this agreement. *See Id.*

## Memorandum of Law

1. In both federal and state courts, settlements are highly favored and will be enforced whenever possible in order to conserve judicial. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994).

2. "[A] federal court has subject matter jurisdiction to enforce a settlement agreement if the action is still pending and has not been dismissed." *Moebius v. Moyal*, 2021 U.S. Dist. LEXIS 167360 at 12 (S.D. Fla. September 2, 2021); *U.S. Commodity Futures Trading Comm'n v. Vision Fin. Partners*, LLC, 232 F. Supp. 3d 1287, 1292 (S.D. Fla. 2017) (citing *Kent v. Baker*, 815 F.2d 1395, 1399-1400 (11th Cir.1987)).

3. Florida substantive law governs the enforcement of the Settlement Agreement in this action. *Schwartz v. Fla. Bd. Of Regents*, 807 F.2d 901, 905 (11th Cir. 1987); *AIG Premier Ins. Co. v. RLI Ins. Co.*, 812 F. Supp. 2d 1315, 1319 (M.D. Fla. 2011)(stating "[a] federal court sitting in diversity applies the choice of law rules of the forum state"); *Liberty Mut. Ins. Co. v. Aventura Eng'g & Const. Corp.*, 534 F. Supp. 2d 1290, 1305 (S.D. Fla. 2008).

4. "District courts have inherent power to enforce settlement agreements. Indeed, the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion. *Malvaes v. Constellation Brands Inc.*, 2016 WL 4007332 at 2 (S.D. Fla. June 23, 2016).

5. A party may move to enforce a settlement agreement that has not been

complied with by another party to the agreement. *See e.g. Spiegel v. H. Allen Holmes, Inc.*, 834 So.2d 295, 298 (Fla. 4th DCA 2002).

6. "The cardinal rule of contractual construction is that when the language of the contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning." *Seawatch at Marathon Condo. Ass'n. v. Guar. Co.*, 286 So. 3d 823, 827 (Fla. 3d DCA 2019)(citing *Columbia Bank v. Columbia Dev. LLC,* 127 So. 3d 670, 673 (Fla. 1st DCA 2013)); *see also F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x. 389, 393 (11th Cir. 2009). In the absence of ambiguity, the parties' intent must be discerned from the four corners of the document. *Penn Am. Ins. Co. v. Florida Power & Light Co.*, 710 So. 2d 597 (Fla. 4th DCA 1998).

7. As a general matter, "Where the parties have agreed to the essential terms of a settlement, it will be enforced." *State Farm Mut. Auto. Inc. Co. v. InterAmerican Car Rental, Inc.*, 781 So.2d 500, 502 (Fla. 3d DCA 2001) (citations omitted). Where the evidence reflects that there was a meeting of the minds to form an agreement, such as in this matter, the court will enforce the agreement. *Spiegel,* 834 So.2d at 297(citation omitted); *InterAmerican*, 781 So.2d at 502.

8. In ruling on such a motion, the court may award attorneys' fees to the movant. *InterAmerican Car*, 781 So.2d at 502 (Holding that "[a]s the defendant was forced to file a motion... and participate in an evidentiary hearing to enforce the settlement agreement, it is entitled to attorney's fees.")

9. In this matter, all Defendants negotiated the terms of the Settlement Agreement through counsel. There is no dispute that Defendant's counsel, as counsel of record for the Defendants, at all times had authority to act on the Defendants' behalf. He, therefore, had the authority to bind the Defendants to the terms of the Settlement Agreement and to communicate the Defendants' acceptance of the terms of the Settlement Agreement. The Parties reviewed the terms of the Settlement Agreement and ultimately all parties executed the same. Laverty Aff. ¶ 10.

10. The Parties agreed to all of the material terms of the Settlement Agreement. These terms included, among other things, the monetary consideration to support the Settlement Agreement, USSC's right to a consent judgment upon the Defendants' default of the Agreement after notice of said default. *See* Settlement Agreement, ¶¶ 2-5, 11.

11. Paragraphs 2 and 3 of the Settlement Agreement, required Defendants to pay USSC certain amounts, by certain dates and by certain means. *See* Settlement Agreement, ¶¶ 2-3

12. Paragraph 4 of the Settlement Agreement required Defendants to deliver a consent judgment order in favor of USSC signed by Defendants and held by USSC. *See* Settlement Agreement, ¶4.

13. Furthermore, Paragraph 11 of the Settlement Agreement required Defendants to "fully cooperate in the execution of any documents or performance in

any way which may reasonably be necessary to carry out the purposes" of the Settlement Agreement and to effectuate the intent of the parties. *See* Settlement Agreement, ¶11.

14. Defendants failed to make timely payments as outlined in Paragraphs 2 and 3 of the Settlement Agreement. Laverty Aff. ¶¶ 21-22.

15. Despite multiple requests, Defendants failed to execute and deliver a consent judgment order in favor of USSC as outlined in Paragraph 4 of the Agreement in violation of Paragraphs 4 and 11. Laverty Aff. ¶¶ 21-22. Furthermore, and despite multiple requests, Defendants failed to provide an e-mail address whereby USSC could notify Defendants of defaults in violation of Paragraph 11. Laverty Aff. ¶¶ 23-25.

16. Upon Defendants' multiple defaults and pursuant to paragraph 5 of the Settlement Agreement, USSC provided notice of Defendants' Defaults. *See* Exhibit E. Laverty Aff. ¶25, Ex. D.

17. Defendants failed to cure said defaults. Laverty Aff. ¶¶ 26-27.

18. Florida law applicable to the foregoing facts holds that the Settlement Agreement is binding and enforceable. However, the Defendants have failed to comply therewith and are in Default of the Settlement Agreement.

19. Paragraph 4 of the Settlement Agreement specifies the consequences of Defendants' failure to timely make the required payments. Specifically:

**Consent Judgment.** Upon execution of this Agreement Unlimited Electrical shall deliver the Consent Judgment Order, as attached hereto as Exhibit A, in favor of USSC. The Consent Judgment Order will be signed by Unlimited Electrical and held by USSC, subject to the terms of this Agreement. In the event of the occurrence of an event of default under the Agreement, USSC will submit the Consent Judgment Order and to the Court for entry.

20. Defendants have failed to cure their Defaults despite USSC's demand. Laverty Aff. ¶¶ 26-27. USSC, therefore, has been forced to file this motion to enforce its rights under the Settlement Agreement and seeking entry of a consent judgment.

21. Furthermore, Paragraph 18 of the Settlement Agreement entitles USSC an award of its attorneys' fees and costs for enforcing the Settlement Agreement. Accordingly, USSC requests that the Court reserve jurisdiction to determine the amount of reasonable attorneys' fees and costs USSC has incurred as a result of Defendants' Defaults and otherwise failure to fulfil their obligations under the Settlement Agreement.

WHEREFORE, USSC respectfully requests that this Court enter an Order: (1) determining that the Agreement is binding and enforceable; (2) finding that USSC is entitled to a consent judgment against Defendants; (3) awarding USSC its attorneys' fees and costs associated with this Motion; (4) reserving jurisdiction to determine the amount of reasonable attorney's fees and costs; and (5) granting USSC such further relief as this Court deems just and proper.

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), counsel for USSC conferred with counsel for

Defendants on November 23, 2022 prior to the filing of this Motion. While progress was made, no present resolution was reached between the parties. USSC will supplement this motion as needed.

Dated: November 23, 2022.

**MILLS LAW GROUP PA**

*/s/ Carolina Saavedra*
E.A. "Seth" Mills, Jr. Esq.
Florida Bar No. 339652
Carolina Saavedra, Esq.
Florida Bar No. 118408
100 South Ashley Drive
Suite 600
Tampa, Florida 33602
(813) 923-1503  Telephone
smills@mills-legal.com
*Attorneys for United States SuretyCompany*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 23, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, and served by the Court's CM/ECF System to counsel of record.

*/s/ Carolina Saavedra*
Attorney