# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:21-cv-62575

UNITED STATES SURETY COMPANY,
a Maryland Corporation,

    Plaintiff,

v.

UNLIMITED ELECTRICAL CONTRACTORS CORP., a Florida corporation; UNLIMITED ELECTRICAL SUPPLY COMPANY CORP., a dissolved Florida corporation; UNLIMITED COMPANIES, LLC, a dissolved Florida limited liability company; and MITCHELL R. PAGEREY, an individual,

    Defendants.
_____/

## Settlement Agreement

This Settlement Agreement ("Agreement") is entered into as of July 18, 2022 by and between United States Surety Company ("USSC"), Mitchell R. Pagerey, Unlimited Electrical Contractors, Corp., Unlimited Electrical Supply Company, Corp. and Unlimited Companies, LLC (Mitchell R. Pagerey, Unlimited Electrical Contractors, Corp., Unlimited Electrical Supply Company, Corp. and Unlimited Companies, LLC shall collectively be referred to as "Unlimited Electrical"). Collectively, USSC and Unlimited Electrical shall be referred to as the "Parties".

WHEREAS, Unlimited Electrical Contractors Corp. sought performance and payment bonds on behalf of Unlimited Electrical Contractors Corp. naming Unlimited Electrical Contractors Corp. as Principal on construction projects located in Aventura Florida and Delray Beach Florida (the "Bonds");

WHEREAS, as a condition to the issuance of the Bonds, on or about January 28, 2019, Mitchell R. Pagerey, Unlimited Electrical Contractors, Corp., Unlimited Electrical Supply Company, Corp. and Unlimited Companies, LLC executed a General Indemnity Agreement ("GIA") in favor of USSC; and

1

WHEREAS, USSC issued the Bonds on behalf of Unlimited Electrical Contractors, Corp. and thereafter, claims were made against USSC on the bonded projects (the "Claims"). USSC ultimately settled the Claims; and

WHEREAS, USSC initiated an action in the United States District Court for the Southern District of Florida, Case No.: 0:21-cv-62575 ("Litigation") against Mitchell R. Pagerey, Unlimited Electrical Contractors, Corp., Unlimited Electrical Supply Company, Corp. and Unlimited Companies, LLC for indemnity and reimbursement of the losses incurred as a result of resolving the Claims; and

WHEREAS, the Parties now wish by this Agreement to resolve the Litigation between them.

NOW THEREFORE, in consideration of the mutual promises, covenants and conditions contained herein, and other good and valuable consideration the sufficiency and receipt is hereby acknowledged, the Parties agree to be bound to the terms and conditions set forth as follows:

1. **Recitals.** The Recitals set forth above are true and correct and are, by this reference made a part of the Agreement.

2. **Settlement Amount.** Unlimited Electrical will pay to USSC the full and final settlement amount of Four Hundred Eighty Eight Thousand Dollars ($488,000.00)(the "Settlement Amount"), Such sum to be paid as follows: An initial payment of $10,000.00 to be made within seven days of the execution of the Agreement, and the balance of $478,000.00 to be paid as follows: beginning on September 1, 2022 through and including August 1, 2023, Unlimited Electrical shall pay USSC Five Thousand Dollars ($5,000.00) per month to be paid on or before the first day of each month. On September 1, 2023, Unlimited Electrical shall pay USSC Ten Thousand Dollars ($10,000.00) per month to be paid on or before the first of each month until the remaining Settlement Amount is paid in full. Interest on the Settlement Amount shall accrue at a rate of 4.34% per annum. The interest is to be paid by Unlimited Electrical unless the Settlement Amount is paid in full by September 1, 2024, in which case the interest accrued shall be waived.

3. **Settlement Payment(s).** The aforesaid payments will be made by checks payable to "United States Surety Company," which shall be delivered to USSC by or before the dates indicated in paragraph 2 above at the following address: United States Surety Company, 801 S. Figueroa Street, Suite 700, Los Angeles, CA 90017. All payments shall be subject to clearing the recipient's account in the ordinary course of business. Any payment which does not clear the recipient's account in the ordinary course of business shall be deemed an untimely payment and constitute a default of this Agreement.

4. **Consent Judgment.** Upon execution of this Agreement Unlimited Electrical shall deliver the Consent Judgment Order, as attached hereto as Exhibit A, in favor

2

of USSC. The Consent Judgment Order will be signed by Unlimited Electrical and held by USSC, subject to the terms of this Agreement. In the event of the occurrence of an event of default under the Agreement, USSC will submit the Consent Judgment Order and to the Court for entry.

5. **Default.** In the event Unlimited Electrical fails to make any of the aforesaid payments in the manner indicated in paragraph 2 above, USSC shall deliver a written notice to Unlimited Electrical (in the manner described below) describing the failure of payment. If Unlimited Electrical does not cure the failure of payment by delivering to USSC all amounts theretofore due within Five (5) days of receiving USSC's written notice, then USSC shall be entitled to file the Consent Judgment without further notice. For purposes of this Agreement, written notice to Unlimited Electrical shall be provided by email to Unlimited Electrical at _____, with a copy to Unlimited Electrical's attorney, Brad R. Weiss at brad@bmwlawyers.net. Unlimited Electrical shall have the right to change the email addresses for any and all such written notices by notifying USSC of the same by email to plaverty@tmhcc.com, with a copy to USSC's attorney, Carolina Saavedra, at csaavedra@mills-legal.com.

6. **Due Dates Falling on Weekends or Holidays.** In the event that the date of any act required to be performed by this Agreement (including, but not limited to, the payment of any money) falls on a weekend or a federal holiday, then the same shall not be required to be performed until the next business day thereafter.

7. **Unknown Claims.** The Parties understand and agree that by execution hereof, this Agreement is binding upon the Parties. The Parties hereby recognize and agree that this Agreement disposes of the Litigation and all current known claims. The GIA shall remain in full force and effect. The Parties recognize that there may be claims that are unknown to the Parties at the time of execution of this Agreement or that may arise in the future ("Unknown and Future Claims"). The Parties explicitly agree that this Agreement shall not apply or govern the Unknown and Future Claims.

8. **Entire Agreement.** This Agreement sets forth the entire understanding of the parties and no verbal or written warranties or representations have been made or have been relied upon which do not appear in writing within this Agreement. Any reliance on verbal or other representations which do not appear within this Agreement shall be deemed unjustifiable reliance. Each party hereto is represented by that party's own counsel (or has had the opportunity to confer with counsel of their own choosing) and has had the benefit of (or the opportunity to have the benefit of) such counsel's advice in reviewing, commenting upon, and modifying this Agreement.

9. **Modification of Agreement.** This Agreement may not be amended or modified except by written instrument signed by all of the parties hereto, and the parties agree that this provision may not be waived except in writing.

3

10. **Waiver**  The rights of the parties under this Agreement are to be considered cumulative, and the failure on the part of any party to exercise or enforce properly or promptly any rights arising out of this Agreement shall not operate to forfeit or serve as a waiver of any of those or other rights. The waiver by one party of the performance of any covenant or condition herein shall not invalidate this Agreement, nor shall it be considered to be a waiver by such party of any other covenant or condition herein. The waiver by any party of the time for performing any act shall not constitute a waiver of the time for performing any other act or an identical act required to be performed at a later time.

11. **Cooperation**. The parties hereto agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the parties hereto.

12. **No Admission of Liability.**  By this settlement, no party admits any liability, but rather the parties have agreed to this settlement as a compromise of disputed claims in the interests of avoiding the costs and uncertainty of continued litigation.

13. **Time is of the Essence**. Time is of the essence of this Agreement.

14. **Headings.** The headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

15. **Severability**.  If any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, whether on its face or as applied, the remaining provisions shall remain in full force and effect.

16. **Benefit and Binding Effect**. This Agreement shall inure to the benefit of and be binding upon the parties, their heirs, successors and assigns. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The individuals signing below on behalf of entities represent and warrant that they have the full authority to bind their respective entities to all of the provisions hereof. Signatures by facsimile transmission or other electronic transmission of this Agreement shall be acceptable and binding upon the Parties. A copy hereof shall be as binding as the executed original.

17. **Governing Law**. This Agreement shall be governed by the laws of the State of Florida, without regard to its principles of conflicts of law.

18. **Attorneys' Fees**. In any litigation arising out of or relating to this Agreement, or to the interpretation or enforcement hereof, the prevailing party(ies) shall be

entitled to recover the prevailing party's(ies') reasonable attorneys' fees and costs from the non-prevailing party(ies) at the trial and at all appellate levels.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first stated above.

**United States Surety Company**

By: *[signature]*

Printed: Patrick Laverty

Its: AVP, Bond Claims

Dated: 8/11/22

**Mitchell R. Pagerey**

*[signature]*

Dated: 8/4/2022

**Unlimited Electrical Contractors Corp.**

By: *MP*

Printed: MARK PETRICH

Its: PRESIDENT

Dated: 8/4/22

**Unlimited Electrical Supply Company Corp.**

By: *MP*

Printed: MARK PETRICH

Its: PRESIDENT

Dated: 8/4/22

**Unlimited Companies**

By: *MP*

Printed: MARK PETRICH

Its: PRESIDENT

Dated: 8/4/22

5