**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-62575-RUIZ/STRAUSS**

**UNITED STATES SURETY COMPANY,**

    Plaintiff,

v.

**UNLIMITED ELECTRICAL CONTRACTORS CORP.,** *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

THIS MATTER came before the Court on Plaintiff's Motion to Enforce Settlement Agreement ("the Motion"). [DE 29]. Plaintiff filed the Motion on November 23, 2022. [DE 29]. The District Court referred the Motion to me "to take all necessary and proper action as required by law." [DE 30]. Defendants did not respond to the motion by December 7, 2022, as was required under Southern District of Florida Local Rule 7.1(c)(1). *See* S.D. Fla. L.R. 7.1(c)(1) (stating that an opposing memorandum of law must be filed and served "no later than fourteen (14) days after service of the motion"). On December 8, 2022, I entered an order to show cause directing Defendants to show cause by December 9, 2022, why the Motion should not be granted by default. [DE 31]. Defendants did not respond to the order to show cause. Therefore, the Motion may be granted by default. Nevertheless, I have reviewed the Motion and its attachments on the merits, and I respectfully **RECOMMEND** that the Motion [DE 29] be **GRANTED**.

The Motion seeks to enforce the Settlement Agreement [DE 27-1; DE 29-2] into which the parties entered to resolve this case. The Motion is accompanied by a sworn affidavit of Patrick Laverty, an Assistant Vice President for Plaintiff, which supports all of the material factual

assertions in the Motion (and which has gone unrebutted in light of Defendants' failure to respond). [DE 29-1]. According to the Motion, Plaintiff agreed to issue payment bonds naming Defendants as the principal in exchange for Defendants' compliance with the terms of a general indemnity agreement ("GIA"). [DE 29 at ¶ 5; DE 29-1 at 13-20]. Under the GIA, Defendants were required to post collateral and indemnify Plaintiff for all claims against the bond. [DE 29 at ¶ 7]. Plaintiff received claims against the bonds, for which Defendants were unable to indemnify Plaintiff, and Plaintiff was forced to resolve the claims on its own. *Id.* at ¶ 6. As a result, Plaintiff filed this action on December 28, 2021, seeking for Defendants to indemnify and reimburse it for the losses it incurred. *Id.* at ¶ 5.

On July 18, 2022, the parties entered into a settlement agreement ("the Settlement Agreement") whereby Defendants agreed to pay $488,000 to resolve the action. *Id.* at ¶ 9; [DE 29-2 at ¶ 2]. Under the Settlement Agreement, Defendants were required to make an initial payment of $10,000 within seven days of the execution of the agreement and then pay the balance of the settlement amount ($478,000) in monthly installments. [DE 29 at ¶ 10; DE 29-2 at ¶ 2]. In the event of Defendants' default, Plaintiff would be entitled to submit a Consent Final Judgment to the Court. [DE 29 at ¶ 11; DE 29-2 at ¶¶ 4-5]. The parties attached this Consent Final Judgment to the Settlement Agreement. [DE 29 at ¶ 11; DE 29-2 at ¶ 4]. Finally, under the Settlement Agreement, the "prevailing party" in "any litigation arising out of or relating to" the Agreement was entitled to attorney's fees. [DE 29 at ¶ 13; DE 29-2 at ¶ 18]. On August 22, 2022, the District Court entered an order dismissing the case and retaining jurisdiction to enforce the Settlement Agreement. [DE 29 at ¶ 18; DE 28].

In the Motion, Plaintiff avers that Defendants breached the Settlement Agreement by failing to make the first payment due and all payments due thereafter. *Id.* at ¶¶ 19-20. Plaintiff

also contends that Defendants breached the Settlement Agreement by failing to comply with several other obligations under the agreement, including failing to deliver a signed copy of the Consent Final Judgment and failing to provide Defendants' email address. *Id.* at ¶¶ 23-24. Plaintiff states that it sent Defendants' counsel written notice of default, as required by the Settlement Agreement, and it has received neither a response from Defendants' counsel nor a payment from Defendants to cure the default. *Id.* at ¶ 22. As such, in the Motion, Plaintiff requests that the Court determine the Settlement Agreement is binding and enforceable, find Plaintiff is entitled to a consent judgment, award Plaintiff attorney's fees and costs associated with the Motion, and reserve jurisdiction to determine the amount of reasonable attorney's fees and costs. *Id.* at 13.

Based on the allegations in the Motion, as supported by Mr. Laverty's affidavit and the other attachments thereto, I find that the parties had a binding and enforceable settlement agreement, that Defendants have breached that agreement, and that Plaintiff is entitled to the relief sought. Accordingly, I recommend that the Court **GRANT** the Motion [DE 29] and enter the Consent Final Judgment[1] as requested by Plaintiff. Further, I recommend that Plaintiff be directed to file documents substantiating the fees it incurred regarding the Motion.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the

---

[1] On December 12, 2022, I ordered Plaintiff to submit a copy of the Consent Final Judgment that was referenced in the Settlement Agreement to the Court. [DE 32]. Plaintiff first submitted an altered version of the Consent Final Judgment on December 13, 2022, [DE 33], but I directed it to submit the "exact document that was attached as Exhibit A to their settlement Agreement and referenced in the Settlement Agreement as the "Consent Judgment Order," [DE 34]. Plaintiff submitted the Consent Final Judgment on December 14, 2022. [DE 35].

parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 15th day of December 2022.

Jared M. Strauss
United States Magistrate Judge