UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62575-RAR

**UNITED STATES SURETY COMPANY**,

    Plaintiff,

v.

**UNITED ELECTRICAL CONTRACTORS CORP.**, *et al.*,

    Defendants.
_____/

# FINAL JUDGMENT

**THIS CAUSE** comes before the Court on the Parties' Renewed Motion for Dismissal Pursuant to Settlement Agreement, [ECF No. 27], and Plaintiff's, United States Surety Company, Motion to Enforce Settlement Agreement, [ECF No. 29] ("Motion"). Magistrate Judge Strauss issued a Report and Recommendation on December 15, 2022, [ECF No. 36], recommending that this Court grant Plaintiff's Motion, which the Court adopted on February 17, 2023, [ECF No. 37]. Defendants, Unlimited Electrical Contractors Corp., Unlimited Electrical Supply Company Corp., Unlimited Companies, LLC, and Mitchell R. Pagerey ("Defendants") (i) consented to the entry of this Final Judgment pursuant to the terms of the Settlement Agreement; (ii) acknowledge that United States Surety Company is entitled to the judgment below, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment; and (iii) have failed to comply with the terms of the Settlement Agreement. *See* Settlement Agreement [ECF No. 29-1] at 23–25.

Further, the parties entered into a settlement agreement that entitled the prevailing party to recover reasonable attorneys' fees and costs. *See* Mot. at 6. When determining reasonable

attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Plaintiff's counsel filed an Affidavit of Attorneys' Fees and Costs ("Affidavit") averring that Plaintiff's attorneys incurred $4,593.00 in fees and costs in work pertaining to the Motion, in addition to an estimated 3.5 additional hours preparing the Affidavit. *See* Affidavit [ECF No. 38-1] ¶ 9. The Court finds that these fees, along with the documentation in the Affidavit substantiating them, are reasonable. The Court will award Plaintiff 3.5 additional hours at a rate of $230 per hour for a total attorneys' fees amount of $5,398.00.

Accordingly, based on the foregoing, and the Court having carefully reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Final Judgment is entered in favor of United States Surety Company, whose address is One Texas Station, Suite 230, Timonium, MD 21093 and jointly and severally against Defendants, Unlimited Electrical Contractors Corp. (last known address is 3443 NW 55th Street, Fort Lauderdale, Florida, 33309), Unlimited Electrical Supply Company Corp. (last known address is 3500 Park Central Blvd. N., Pompano Beach, Florida 33064), Unlimited Companies, LLC (last known address is 3500 Park Central Blvd. N., Pompano Beach, Florida 33064), and Mitchell R. Pagerey (last known address is 2198 Isabel Oeste Road, Boca Raton, FL 33486) in the settlement agreement amount of $488,000.00, plus attorneys' fees in the amount of $5,398.00, for a total sum of **$493,398.00**, which shall accrue interest according to Section 55.03(1) of the Florida Statutes at the statutory rate prescribed per anum until fully paid, **for which sum let execution issue forthwith.**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment and nothing in this Order shall preclude, dismiss, or prohibit Plaintiff United States Surety Company's rights to pursue Defendants for future and/or unknown claims that may arise as a result of the underlying General Indemnity Agreement.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of March, 2023.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**